IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY TURLEY, #N-08083 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-cv-789-MJR |
| ) | |
| DAVID REDNOUR, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. §1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. §1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that the claims in the complaint are subject to dismissal.

**Facts:**

Defendants Randle, Hartline, Hulick, Gaetz, Ramos, Rednour, Conder, Stock, Spiller, Thomas, Pautler, and John Does conspired to knowingly exaggerate their responses to security concerns so as to put the entire Menard prison in lockdown as a form of punishment. During such lockdown periods, Plaintiff was locked in his cell 24 hours a day without privileges, exercise, or property.

Defendants Bayer, Ferranto, Mueller, Smith, Hamilton, AFSCME and John Does knowingly contributed to the incidence of lockdowns by organizing employee paid days off so as to create a staff shortage; where the prison is short staff members, it goes into lockdown. These Defendants also caused extended lockdowns due to staff shortages where an attempt was made to negotiate with the union for staff pay raises.

During the lockdowns, Plaintiff was confined to his small cell for nearly 24 hours a day. Defendants Randle, Hulick, Gaetz, and Rednour were aware of the size of Plaintiff's cell, but continued to confine Plaintiff in his cell during lockdown periods, despite the injuries Plaintiff sustained as a result, including sleep deprivation, headaches, a hissing noise in both ears, and colon spasms. Defendants Creason, Sauerwein, Randle, Hulick, and Gaetz were made aware of Plaintiff's health issues, but continued to confine Plaintiff in the small cell.

**Discussion:**

Plaintiff first claims that the prison lockdown, whereby inmates were kept confined to their cells for nearly 24 hours a day, by Defendants Randle, Hartline, Hulick, Gaetz, Ramos, Rednour,

Conder, Stock, Spiller, Thomas, Pautler, and John Does was an unconstitutional means of punishment. Plaintiff further claims that Defendants Bayer, Ferranto, Mueller, Smith, Hamilton, AFSCME, and John Does knowingly contributed to the number of days inmates spent in lockdown. While the Seventh Circuit has stated that long periods in which exercise is denied can amount to cruel and unusual punishment, a short lockdown period does not rise to that level. *See Delaney v. DeTella,* 256 F.3d 679, 683-84 (7th Cir. 2001)( six-month denial of exercise because of prison lockdown was serious deprivation); *Pearson v. Ramos*, 237 f.3d 881, 884 (7th Cir. 2001) (denial of out-of-cell exercise for more than 90 days can constitute cruel and unusual punishment). Plaintiff has not stated how long the lockdown lasted, making it impossible for the Court to determine at this stage whether there has been an eighth amendment violation. As a result, this claim against Defendants Randle, Hartline, Hulick, Gaetz, Ramos, Rednour, Conder, Stock, Spiller, Thomas, Pautler, Bayer, Ferranto, Mueller, Smith, Hamilton, AFSCME, and John Does is dismissed without prejudice.

Plaintiff next claims that Defendants Creason, Sauerwein, Randle, Hulick, and Gaetz were aware that confinement to a small cell caused Plaintiff health issues, but continued to confine him to that small cell, showing deliberate indifference to his medical needs. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

A prisoner raising an Eighth Amendment claim against a prison official therefore must

> satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at 834. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-92 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Plaintiff has met the first step of the inquiry in that he has alleged health issues that are sufficiently serious. Plaintiff complains that being kept in his cell has caused him to suffer sleep deprivation, headaches, a hissing noise in both ears, and colon spasms. However, Plaintiff has failed to meet the second step of the inquiry, as he has failed to allege that Defendants Creason, Sauerwein, Randle, Hulick, and Gaetz kept Plaintiff confined to his cell while purposefully ignoring his medical issues. Without this showing, the Defendants are at most negligent, and this is not enough to raise a claim for medical indifference. *See Williams*, 55 F.3d at 324. This claim against Defendants Creason, Sauerwein, Randle, Hulick, and Gaetz is dismissed with prejudice.

**Pending Motions:**

On October 21, 2010 Plaintiff filed a motion to proceed in forma pauperis (IFP). On the same date Plaintiff filed a motion to take Judicial notice of the filing of his IFP. The next day, October 22, 2010 Plaintiff filed another motion to withdraw the motion to take Judicial notice. Then on November 12, 2010 Plaintiff refiled the motion to take Judicial notice. As this Court granted Plaintiff in forma pauperis status on January 24, 2011, these motions are now **DENIED** as moot.

**Disposition:**

**IT IS HEREBY ORDERED** that Defendants **RANDLE, HARTLINE, HULICK, GAETZ, RAMOS, REDNOUR, CONDER, STOCK, SPILLER, THOMAS, PAUTLER, BAYER, FERRANTO, MUELLER, SMITH, HAMILTON, AFSCME,** and **JOHN DOES** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that Defendants **CREASON** and **SAUERWEIN** are **DISMISSED** from this action with prejudice.

Plaintiff is **ADVISED** that within the Seventh Circuit, dismissal of these claims and defendants counts as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

**IT IS SO ORDERED.**

Dated: February 11, 2011

                                               /s/ **MICHAEL J. REAGAN**
                                               U. S. District Judge