IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY J. TURLEY, # N-08083, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 10-cv-789-MJR |
| DAVID A. REDNOUR, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

  This case is now before the Court on remand from the United States Court of Appeals, Seventh Circuit. Plaintiff brought this civil rights action pursuant to 28 U.S.C. § 1983 while he was confined as a prisoner at Menard Correctional Center ("Menard"), where he is still incarcerated. The appellate court's mandate issued July 25, 2013 (Doc. 28), and accompanying order (Doc. 28-1) affirmed in part and reversed in part this Court's dismissal of Plaintiff's constitutional claims (Doc. 10).

  Specifically, the Seventh Circuit found that Plaintiff had stated a cognizable Eighth Amendment claim for the excessive and repeated use of lockdowns at Menard, which caused him to be confined in a two-man, 40-square-foot cell for extended periods without the ability to engage in sufficient exercise either in or out of his cell. His complaint also stated a claim for prison officials' deliberate indifference to Plaintiff's medical problems he attributed to the lack of exercise (Doc. 28-1, pp. 5, 11-13). However, his Due Process and conspiracy claims were properly dismissed (Doc. 28-1, pp. 5, 13-15).

Plaintiff's complaint associated the following Defendants with the Eighth Amendment excessive lockdown claim, which shall be designated as **Count 1:** Randle, Hartline, Hulick, Gaetz, Ramos, Rednour, Conder, Stock, Spiller, Thomas, Pautler, and various John Doe Defendants (Doc. 1, p. 3). The claim for deliberate indifference to Plaintiff's medical problems shall be designated as **Count 2**, against Defendants Randle, Hulick, Gaetz, Rednour, Creason, and Sauerwein (Doc. 1, pp. 6-8). In accordance with the mandate of the United States Court of Appeals for the Seventh Circuit, Plaintiff may proceed on Counts 1 and 2 against these Defendants.

**Disposition**

**IT IS HEREBY ORDERED** that, pursuant to the mandate of the Court of Appeals, this Court's February 11, 2011, Judgment (Doc. 11) is **VACATED** and the case is **REOPENED.**

**IT IS FURTHER ORDERED** that, pursuant to the mandate of the Court of Appeals, this Court's February 11, 2011, Order (Doc. 10) is **VACATED IN PART**, in that the only claims remaining on remand are **COUNTS 1 and 2** outlined above. The Due Process claim and conspiracy claim (Doc. 1, p. 6, involving Defendants Bayer, Ferranto, Mueller, Smith, Hamilton, and AFSCME) remain dismissed without prejudice.

In light of the mandate of the Court of Appeals, that part of this Court's February 11, 2011, Order (Doc. 10) assessing a "strike" against Plaintiff under 28 U.S.C. § 1915(g) for the dismissal of this case is also **VACATED.**

The Clerk of Court shall prepare for Defendants **REDNOUR, RANDLE, HARTLINE, GAETZ, HULICK, RAMOS, CONDER, SPILLER, STOCK, THOMAS, PAUTLER, SAUERWEIN** and **CREASON**: (1) Form 5 (Notice of a Lawsuit and Request to

Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 1, 2013**

s/ MICHAEL J. REAGAN
United States District Judge